UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TIMOTHY RAY GUNTER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-202 |
| § | |
| CAROLYN W COLVIN, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff, Timothy Ray Gunter's Complaint (D.E. 1), seeking reversal of Defendant, Acting Commissioner of the Social Security Administration's ("Commissioner") decision denying Plaintiff disability insurance benefits. On February 24, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 19), recommending that the Commissioner's determination that Plaintiff is not disabled be affirmed and that Plaintiff's cause of action be dismissed. This Court received Plaintiff's objections (D.E. 20) on March 12, 2015. The objections are set out and discussed below.

First, Plaintiff objects to the medical expert's testimony as set forth in the M&R that Plaintiff visited the hospital emergency room due to pain resulting from degenerative disc disease and a bulging disc at L5-S1. D.E. 19, p. 3; D.E. 20, p. 2. Plaintiff argues that this testimony is false because the medical expert "did not know what the pain was resulting from." D.E. 20, p. 2. During his testimony, the medical expert indicated that his observations were based on Plaintiff's medical test results at that time. D.E. 9-3, p.

30. The record does not support Plaintiff's proposition and his first objection is **OVERRULED**.

Second, Plaintiff objects to the medical expert's testimony that Plaintiff was capable of lifting twenty pounds occasionally and ten pounds frequently, walking for four hours a day, and sitting for four hours. D.E. 19, p. 4. Plaintiff argues that this statement is false because Plaintiff was "completely immobilized" at the time. D.E. 20, p. 2. The medical expert's testimony was based on Plaintiff's medical records. D.E. 9-3, pp. 30-31. Plaintiff's second objection is **OVERRULED**.

Plaintiff's third objection is unclear, and not specific so it is **OVERRULED**.

Fourth, Petitioner objects that the administrative law judge's ("ALJ") findings were based on personal opinion and not factual evidence. D.E. 20, p. 3. Plaintiff contends that the "ALJ cannot know the severity of my pain and disability unless he was me or is with me every minute of every day." *Id.* Plaintiff's argument is without merit. As the Magistrate Judge discusses, the ALJ's determination that Plaintiff's allegations were not entirely credible met the requirements outlined in Social Security Ruling 96-7P because his findings were grounded in evidence and were sufficiently specific. D.E. 19, pp. 13-15. Consequently, Plaintiff's fourth objection is **OVERRULED**.

Plaintiff's fifth objection concerns a medical report from a doctor who examined Plaintiff in May 2013, two-and-a-half years after the expiration of his insurance status. Plaintiff argues that this new report should be considered because the documented symptoms were due to the pain that immobilized him in October 2010. D.E. 20, p. 3. However, the doctor's report does not make this finding. D.E. 13-1, p. 6. Furthermore,

the Court agrees that there is no reason to believe that the report would have changed the ALJ's assessment of Plaintiff's residual functional capacity ("RFC"). D.E. 19, p. 11. Consequently, Plaintiff's fifth objection is **OVERRULED**.

Sixth, Plaintiff objects to the medical expert's testimony because his opinion should not determine a person's life. D.E. 20, p. 3. The M&R adequately addresses Plaintiff's argument. D.E. 19, pp. 11-12 (citing *Richardson v. Perales*, 402 U.S. 389, 408 (1971)). An ALJ can rely on testimony from a non-examining doctor. 20 C.F.R. § 404.1527(c)(1). Plaintiff states that if the Court would allow him to question the expert before this Court, the Court would see that Plaintiff is right. Plaintiff was provided an opportunity to cross-examine, and did in fact cross-examine, the medical expert before the ALJ. D.E. 9-3, pp. 31-33. As a result, Plaintiff's sixth objection is **OVERRULED**.

Seventh, Plaintiff objects to the M&R's finding that he did not present evidence that he suffered from neurogenic claudication. D.E. 20, p. 4. Plaintiff contends that spinal canal stenosis is evidence of neurogenic claudication. *Id.* As stated in 20 C.F.R. Part 404, Subpart P, Appendix 1, Pseudoclaudication *may* result from lumbar spinal stenosis. 20 C.F.R Pt. 404, Subpt. P, App. 1, § 1.00(K)(3). However, there is no evidence that Plaintiff suffered from "[l]umbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging . . ." as mandated under impairment Listing 1.04(C). 20 C.F.R Pt. 404, Subpt. P, App. 1, § 1.04(C). Seeing no error in the Magistrate Judge's conclusion, Plaintiff's seventh objection is **OVERRULED**.

In his eighth objection, Plaintiff again argues that the ALJ's decision was based on personal opinion. He argues that substantial evidence to do light work does not exist and that the ALJ does not know how to interpret evidence. D.E. 20, p. 4. After a review of the record, the Court agrees that the ALJ's RFC determination is supported by substantial evidence. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). Consequently, Plaintiff's eighth objection is **OVERRULED**.

Plaintiff's ninth objection concerns the timing of the Appeals Council's decision. Plaintiff does not make a cognizable legal argument, merely stating that "the regulations are wrong." Seeing no error in the Magistrate Judge's recommendation, Plaintiff's ninth objection is **OVERRULED**.

Plaintiff's tenth objection concerns a letter he sent to a Social Security Administration officer which resulted in Plaintiff being banned from entering a Social Security office. He states that Homeland Security was informed that he was a threat and his name needs to be removed from their list. D.E. 20, p. 4. Plaintiff's objection is not specific and he does not present an argument. Thus, Plaintiff's tenth objection is **OVERRULED**.

Plaintiff's eleventh and final objection challenges the Magistrate Judge's conclusion that his request that the SSA reimburse his sister for money she spent on his medical care be denied. D.E. 20, p. 5. Once more, Plaintiff fails to provide a cognizable legal argument against the M&R's conclusion. Seeing no error in the Magistrate Judge's conclusion, Plaintiff's tenth objection is **OVERRULED**.

Having reviewed the factual findings, legal conclusions, and recommendations set forth in the Magistrate Judge's M&R (D.E. 19), as well as Plaintiff's objections (D.E. 20) and all other relevant documents in the record, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **AFFIRMS** the Commissioner's decision. Plaintiff's action (D.E. 1) is **DISMISSED**.

ORDERED this 17th day of April, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE